**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No.: 1:17-CR-71-4**
**(JUDGE KEELEY)**

**YOSAN PONS SOSA,**

**Defendant.**

**REPORT AND RECOMMENDATION**
**CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11 (Dkt. No. 166). Defendant, Yosan Pons Sosa, in person and by counsel, Brandon Flower, appeared before me on June 4, 2018. The Government appeared by Assistant United States Attorney, Jarod Douglas. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts One (1) and Three (3) of the Indictment.

Prior to conducting the plea hearing, Defense Counsel and Defendant discussed – privately and off the record, and with the assistance of the court-certified interpreter – Counsel's disclosure of a potential conflict with regard to representation. The undersigned subsequently confirmed on the record that Defense Counsel's potential conflict had been disclosed to Defendant, and that Defendant knowingly, voluntarily, and willingly waived any potential conflict in writing, which was filed herein; and that Defendant was satisfied with proceeding with Mr. Flowers as counsel in this matter.

The Court then proceeded with the Rule 11 proceeding by swearing in the Court-certified Spanish interpreter, and then placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Yosan Pons Sosa only after having had his rights fully explained to him and having a full understanding of those rights through

consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereafter, the Court determined that the parties were not proceeding under a plea agreement in this case. The undersigned then reviewed with Defendant Counts One (1) and Three (3) of the Indictment and the elements the Government would have to prove, charging him with Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2) (Count One) and Use of Unauthorized Access Device in violation of 18 U.S.C. § 1029(a)(2) (Count Three). Subsequently, Defendant Yosan Pons Sosa pled **GUILTY** to the charges contained in Counts One (1) and Three (3) of the Indictment. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Court heard the testimony of Officer Weber of the FBI Cybercrimes Task Force. Officer Weber testified as to citizen complaints of unauthorized charges on their debit and credit card accounts leading to his investigation and, subsequently, the instant charges against Defendant. Neither Counsel for Defendant nor Defendant had any questions for the witness. Defendant stated he heard, understood, and did not disagree with the testimony of the Government's witness. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offense charged in Counts One (1) and Three (3) of

the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by the testimony of Officer Weber.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Counts One (1) and Three (3) of the Indictment and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One (1) was seven and a half years and on Count Three (3), ten years' imprisonment. The undersigned further determined Defendant understood a fine of not more than $125,000.00 (Count One) and $250,000.00 (Count Three) could be imposed, both fine and imprisonment could be imposed, he would be subject to a period of at least three (3) years of supervised release, and the Court would impose a special mandatory assessment of $100.00 for each felony conviction, here for a total of $200.00. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The undersigned also informed Defendant whether he understood that by pleading guilty he was forfeiting other rights such as right to vote, right to serve on a

jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Counts One (1) and Three (3) of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation contained within the pre-sentence report. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Yosan Pons Sosa, with the consent of his counsel, Brandon Flower proceeded to enter a verbal plea of **GUILTY** to the felony charges in Counts One (1) and Three (3) of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge **FINDS** that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article Ill Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Counts One (1) and Three (3) of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for

Counts One (1) and Three (3); Defendant made a knowing and voluntary plea of guilty to Counts One (1) and Three (3) of the Indictment; and Defendant's plea is independently supported by the testimony of Officer Weber which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Counts One (1) and Three (3) of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned magistrate judge **REMANDED Defendant to the custody of the U.S. Marshal Service.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(l); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on **June 5, 2018.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE